MERRIMAN S. SMITH, Judge.
■ Edward Hendricks, son of the claimant Lee Roy Hendricks, was driving his father’s 1939 Pontiac automobile, and on the afternoon of April 27, 1946, upon returning from Charleston, West Virginia, on U. S. route 119, near Racine, Boone county, West Virginia, he wrecked the car, hence this claim to recover for the damages sustained.
On the morning of April 27, 1946, the employees of the state road commission were pulling the ditchline alongside this highway, which consisted of bringing o.ut the dirt and other accumulation from the ditchline with a grader, depositing it upon the shoulder and filling in and levelling off the berm, and whatever dirt that was scraped on the pavement was swept off with two steel brooms by the employees. Between eleven and twelve o’clock it began to rain so the crew went in for the day. After a lapse of about three hours, between two and three o’clock that afternoon, Edward, with his companion and his sister, in driving south from Charleston ran off the concrete *259 pavement onto the berm of the road, whereupon he lost control of the car and swerved across the highway into the ditch on the opposite side of the road. From the evidence there was no car approaching, nor was he passing a car, and this was an eighteen-foot concrete pavement and practically straight for about a mile ahead, and judging from the physical circumstances young Hendricks was guilty of negligence, and must have been driving at an excessive rate of speed when he carelessly ran off the pavement onto the berm, and because of such speed lost control of his machine and swerved across the pavement to the east side and into the ditch.
This court has repeatedly held that "No duty, express or implied, rests upon the state road commission of West Virginia to maintain the highways under its jurisdiction in more than reasonably safe condtion for use in the usual manner and by the ordinary methods of travel; and the state does not guarantee freedom from accident of persons traveling on such highways.”
In the instant claim the facts clearly show that the highway was in a reasonably safe condition, and the state had taken the proper precaution for the safety of the travelling public. Therefore, it is the opinion of this court that an award for damages in this claim should be, and is, hereby denied.